Judge Underwood,
delivered the opinion of the court.
ft ¡jdoew,, as landlord, entered into a pa-rol contract with Duvall, as tenant, by which it was agreed in substance, that Gudgell should lease a piece of woodland to Duvall for live years, and that Duvall would dear ten acres thereof, and build thereon a hewed loged cabin. This contract was executed, so far as it could be done, by the entry of Duvall upon the land. He remained on it more than a year, and in the mean time, built a hewed log cabin and a still-house, and cleared part of the land. In November, IS23, Gudgell requested Duvall to quit possession on or before the 20th of May ensuing, by a written communication. Duvall did so, and insiituted an action of assumpsit to recover for the improvements made by him on the land. The two fiist counts of the declaration predicate Du-vall’s right to recover upon the facts, that. Gudgell made the parol lease for live years, that Duvall entered and made the improvements by which the value of the land of Gudgell was enhanced, and that Gudgell, before the expiration of the lease, notified "Duvall to quit the premises and refused to permit him to use and occupy them any longer. The third count is a quantum meruit for work and labor done and performed at the instance of Gudgell. The fourth count is indebitatus assumpsit, for work and labor done and performed. Plea non as-sumpsit. Verdict and judgment for $11Í), in favor of Duvall. Gudgell prosecutes an appeal.
Statute of fraud does Dot avoid pa-rol contracts for the sale of land, or for a lease for a longer time than one year; it only withholds the right of action to enforce such contract. Parol lease, for not more than 5 years, landlord may collect his rent by distress, and tenant can retain possession during the t' i n, against any known process of the ] iw. Iften-ant yield possession it is voluntary, and he has no claim upon landlord for improvements.
Without a particular notice of the errors assigned, it is sufficient to say, that we are of opinion, that the ap-apellee failed in his proof to show any cause of action, Ey the siatu'es regulating conveyances, parol leases for a period not mo. e than live years are tolerated, and may vest an estate for years (o that extent. Tl.e s atute of frauds only withholds the light to maintain an action upon any contract for the sale of lands or the mak’ng a leas e {hereof for a longer time than one y ea-. But it has of.en been decided by this 0.011 r , tha‘ parol contracts in relation to lands are not void; tin the contrary they aie efficacious as a shield, to protect those claiming under them in many cases; see Kenny vs. Marsh, 11 Marshall, 46. Barnes Anderson, &c. vs. Wise, III Mon. 167. Roberts vs. Tennell, Ibid, 247. The last case shows that a party to a parol contract may even become actor and enforce it by distress so' far as <0 collect rent. Duvall being in possession under his parol lease for five years, could not have been turned out by any process known to the law, and might have «11303 ed the pi emises during the lease in despi e of Gudgeli. If Duvall cho-e to abandon his possession at the request of Gudgeli, when he was in no manner bound to do so, without further proof, his conduct can be regarded in no other light, than a voluntary abandonment, which cannot impose any obligation or raise any assumpsit to pay for the improvements, No expiess contract to pay for the improvements has been proved, and no fact from which a contract to páy fot them can be implied»
The case of Shreve vs. Grimes, IV Litt. 220, shows that a possessor of land holding under a parol contract cannot rccpA er the value of improvements made for his own use from his vendor, on lire principal of an implied assumpsit. The doctm cs of this case prove, that there is no pretext for allowing Duvall to recover the value of the still house, built by him for his oaaui use and without any stipulation with Gudgeli respecting it, and when, for any thing we know from the record, such a building may have been contrary to his will. Upon the whole case, we think the two first counts of the declaration radically defective, and that the court should have instructed the jury to disregard them on the application of Gudgeli. The law did not imply an as-sumpsit upon the facts stated in these counts. The *231 proof made oút no cause of action and therefore a new trial should have been awarded.
Mills and Brown, for appellant; Dejitiy and Triplets, for appellee.
Judgment reversed with costs and a new trial awar--: ded.